UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor**,** United States Department of Labor**,**<br><br>      Petitioner**,**<br>  v.<br><br>**JJ GOLD COAST, INC., SARPINOS LOOP, INC.,** and **MJK SOUTH LOOP, INC.,** Illinois Corporations, and **JULIUS JOKIMAS,** an Individual,<br><br>      Respondents. | Case No. 20-cv-553<br><br>Judge:<br><br>Magistrate Judge: |

**SECRETARY OF LABOR'S PETITION TO ENFORCE
<u>ADMINISTRATIVE SUBPOENAS *DUCES TECUM*</u>**

    Petitioner **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor ("Secretary"), through the undersigned counsel and pursuant to Section 9 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201, *et seq*., ("FLSA" or "Act"), applies to this Court for an Order requiring Respondents **JJ GOLD COAST, INC., SARPINOS LOOP, INC.,** and **MJK SOUTH LOOP, INC.,** Illinois Corporations, (collectively "Respondent Corporations") and **JULIUS JOKIMAS,** an individual (collectively, "Respondents") to show cause, if any, why they failed to appear and produce the records, papers, and documents requested as set forth in the subpoenas *duces tecum* issued by the Regional Administrator, Wage and Hour Division, United States Department of Labor, and duly served upon Respondents.

**I**

    Jurisdiction to issue the Order requested herein is conferred upon this Court by Section 9 of the Act, 29 U.S.C. § 209, and by Sections 9 and 10 of the Federal Trade Commission Act of 1914, as amended (15 U.S.C. §§ 49, 50) ("FTC Act").

II

Section 11 of the FLSA authorizes the Secretary to investigate and gather data regarding "conditions and practices of employment in any industry subject to this Act . . . as necessary or appropriate to determine whether any person has violated any provision of this Act, or which may aid in the enforcement of the provisions of this Act." 29 U.S.C. § 211. Section 9 of the FLSA further provides that sections 9 and 10 of the FTC Act (15 U.S.C. §§ 49, 50), relating to the production of documents, *inter alia*, are applicable to the Secretary for purposes of investigations under the FLSA. 29 U.S.C. § 209. Section 9 of the FTC Act provides authorized agents shall have access to documentary evidence of "any person, partnership, or corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation." 15 U.S.C. § 49.

III

A.   As of October 15, 2018, Michael Lazzeri is the Regional Administrator of the Midwest Regional Office of the Wage and Hour Division, United States Department of Labor ("Regional Administrator Lazzeri"), who, among others, has been delegated the authority by the Secretary to issue administrative subpoenas under the Act. Secretary's Order 01-2014, § 5(C), 79 Fed. Reg. 77527, 77528 (Dec. 19, 2014).

B.   Richard Pratt was an Assistant District Director of the Chicago District Office of the Wage and Hour Division, United States Department of Labor ("Assistant District Director Pratt").

C.   Thomas Gauza is the District Director of the Chicago District Office of the Wage and Hour Division, United States Department of Labor ("District Director Gauza").

## IV

A. JJ Gold Coast, Inc., at all times referred to herein, is and was a corporation with an office and a place of business at 158 West Division Street, Chicago, Illinois, 60610, within the jurisdiction of this Court.

B. Sarpinos Loop, Inc., at all times referred to herein, is and was a corporation with an office and a place of business at 627 West Lake Street, Chicago, Illinois, 60661, within the jurisdiction of this Court.

C. MJK South Loop, Inc., at all times referred to herein, is and was a corporation with an office and a place of business at 1923 South Archer, Chicago, Illinois, 60616, within the jurisdiction of this Court.

D. Julius Jokimas, at all times referred to herein, is and was an individual identified as the current owner of all three Respondent Corporations, and as their sole Registered Agent.

## V

In order to conduct a thorough investigation into the wages, hours, and other conditions and practices of employment, pursuant to section 11 of the FLSA, Wage and Hour investigators regularly review, copy and/or transcribe information from employers' records including, but not limited to, payroll records and records of hours worked; question and interview employees; and collect and review other relevant data relating to compliance by employers under the Act.

## VI

On March 14, 2019, pursuant to the power vested in him as Regional Administrator of the Wage and Hour Division, United States Department of Labor, Regional Administrator Lazzeri signed and issued three subpoenas *duces tecum* requiring Respondents JJ Gold Coast, Inc., Sarpinos Loop, Inc., and MJK South Loop, Inc., to appear before District Director Thomas

Gauza on April 12, 2019, at 230 S. Dearborn St. Room 412, Chicago, IL 60604, to present designated books, papers, and other documents as listed on Attachment #1 to each of the three subpoenas *duces tecum*, concerning matters within the scope of an investigation being conducted pursuant to the FLSA, 29 U.S.C. § 211. *See* subpoenas *duces tecum* and accompanying Attachment #1 to each, attached to the *Memorandum in Support of the Secretary of Labor's Petition for Enforcement of Administrative Subpoenas Duces Tecum* ("Secretary's Memorandum in Support") as Exhibits A1, A2, and A3, respectively.

## VII

On March 22, 2019, Wage and Hour Investigator Renato Reggiardo served the three aforementioned subpoenas, by hand delivering duplicate originals to Julius Jokimas, owner and Registered Agent of all three Respondent Corporations, at the Sarpinos Loop, Inc. location. One Return of Service Affidavit was prepared for all three subpoenas, which were simultatenously served. *See* Return of Service Affidavit, attached to the Secretary's Memorandum in Support, as Ex. A.

## VIII

To date, the documents Respondents have produced are minimally responsive to the subpoenas. The subpoenas seek documents dating from March 1, 2016 through the date of production, including but not limited to tax records, employee time sheet and payroll records, documents pertaining to the asserted independent contract status of delivery drivers, employee contracts, employee contact information, and records of tips paid to employees and tip credits taken by the employer, for each Respondent Corporation. To date, Respondents have provided a mere smattering of records across a seemingly random assortment of dates. For example, Respondent Jokimas provided employee W-2 records for 2017 only, and only for two of the

three Respondent Corporations. Respondent provided "attendance summaries" for 2018 only, for two of the three Respondent Corporations. These records appear to contain weekly summaries of total hours worked and earnings, but they do not clarify what the rate of pay is, how tips were accounted for, or what deductions were made. *See* Declaration of Wage and Hour Investigator Renato Reggiardo, attached to the Secretary's Memorandum in Support, as Ex. B, at ¶17.

Respondents have failed to respond to all the requests for documents sought in the Secretary's subpoenas *duces tecum*, and this failure has impeded and continues to impede the Secretary's lawful investigation under the provisions of section 11 of the FLSA.

### PRAYER FOR RELIEF

**WHEREFORE**, the Secretary respectfully requests this Court:

A. Issue an Order requiring Respondents to fully comply with the Secretary's subpoenas *duces tecum* within 10 days of the date of the Order or show cause, if any, for their failure to comply with and obey the Secretary's subpoenas *duces tecum*;

B. Issue an Order requiring the U.S. Marshals Service to effect service upon Respondents;

C. Issue an Order tolling the statute of limitations from April 12, 2019, the date Respondents first failed to comply with the Secretary's subpoenas *duces tecum*, until such date as the Secretary informs the Court that Respondents have complied in full;

D. Issue an Order directing Respondents to pay all costs and expenses incurred by the Secretary in this matter; and

E. For such other just and further relief as may be necessary and appropriate.

Respectfull submitted,

**KATE O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/Esther E. Mulder
**Esther E. Mulder**
Trial Attorney

Attorneys for Eugene Scalia
Secretary of Labor, United States
Department of Labor, Petitioner

**P.O. Address:**
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Suite 844
Chicago, IL  60604
Telephone: (312) 353-7837
Fax: (312) 353-5698
E-mail: mulder.esther.e@dol.gov