UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor**,** United States Department of Labor**,** <br><br> Petitioner**,** <br> **v.** <br><br> **JJ GOLD COAST, INC., SARPINOS LOOP, INC.,** and **MJK SOUTH LOOP, INC.,** Illinois Corporations, and **JULIUS JOKIMAS,** an Individual, <br><br> Respondents. | Case No. 20-cv-553 <br><br> Judge: <br><br> Magistrate Judge: |

**MEMORANDUM IN SUPPORT OF THE SECRETARY OF LABOR'S PETITION FOR ENFORCEMENT OF ADMINISTRATIVE SUBPOENAS *DUCES TECUM***

Petitioner **Eugene Scalia**, Secretary of Labor, United States Department of Labor ("Secretary" or "Department"), through the undersigned counsel, submits this *Memorandum in Support of the Secretary of Labor's Petition for Enforcement of Administrative Subpoenas Duces Tecum* duly served on Respondents **JJ GOLD COAST, INC., SARPINOS LOOP, INC.,** and **MJK SOUTH LOOP, INC.,** Illinois Corporations, (collectively "Respondent Corporations") and **JULIUS JOKIMAS,** an individual (collectively, "Respondents")**.** Copies of the Return of Service and the subpoenas are attached hereto as Exhibits A, A1, A2, and A3, respectively. Respondent Jokimas, who owns and operates all three Respondent Corporations, has failed to respond to the majority of document requests made by the U.S. Department of Labor's Wage and Hour Division ("WHD"), despite the issuance of subpoenas pursuant to the WHD's investigation of Respondent Corporations. Accordingly, the Secretary seeks enforcement of the issued subpoenas through an Order from this Court.

The Department's subpoenas are authorized by sections 9 and 11(a) of the Fair Labor

Standards Act of 1938, as Amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). The Department's subpoenas satisfy the applicable criteria established by the Supreme Court and applied by the Seventh Circuit for a valid and enforceable administrative subpoena. First, the WHD's inquiry is within the authority of the agency. Second, the information sought is reasonably relevant to the investigation. Finally, the documents requested are specifically defined in the subpoena attachments. This Court has the authority to enforce these subpoenas, and the Secretary seeks enforcement of the subpoenas through an order from this Court requiring full compliance with the Secretary's subpoenas.

## STATEMENT OF FACTS

On August 8, 2018, the WHD initiated an investigation of the employment and pay practices of Respondent Jokimas' pizzeria businesses. Ex. B at ¶2. The investigation began with the Sarpino's pizzeria located at 158 West Division Street, Chicago, IL 60610 (hereinafter "Respondent JJ Gold Coast"), and thereafter expanded to Respondent Jokimas' other two Sarpino's locations. Ex. B at ¶3, 12. Respondent Jokimas indicated there was no official corporate headquarters for his three corporations, so he requested correspondence be sent to the JJ Gold Coast location. Ex. B at ¶4. He also provided his email address for correspondence. *Id.* On September 17, 2018, Wage and Hour Investigator Renato Reggiardo ("WHI Reggiardo") conducted an on-site visit at the JJ Gold Coast location. Ex. B at ¶4. WHI Reggiardo met with Respondent Jokimas and provided him with an FLSA Appointment Letter. Ex. B at ¶5. The appointment letter explained WHD's investigation and requested certain documents necessary to ascertain compliance with the FLSA. Ex. B at ¶5. Respondent Jokimas expressed a willingness to cooperate with the investigation. *Id.*

In the months following the site visit, WHI Reggiardo attempted to obtain the initial

documents requested in the appointment letter. Ex. B at ¶6-9. Respondent Jokimas' production was slow and incomplete. In December of that year, after multiple follow-up contacts, Respondent Jokimas referred WHI Reggiardo to the certified public accountant for the three Respondent Corporations, to obtain the outstanding documents. Ex. B at ¶9. On December 18, 2018, WHI Reggiardo emailed Respondent Jokimas and his accountant a compliance review letter, attached hereto as Ex. B2, outlining what records he still sought related to his initial investigation, and what steps he had been taken thus far to obtain those records. Ex. B at ¶10. The compliance letter requested the records within 72 hours. WHI sent an updated letter to the accountant, via email, on January 11, 2019, to include all three Respondent Corporations in the records request. Ex. B at ¶12.

Respondents did not provide the records the letter requested within 72 hours. However, the accountant did provide some of the requested tax documents quickly. Ex. B at ¶11. Spreadsheet summaries of total weekly hours worked and pay records were sent in waves. The accountant emailed the first set of these records in January 2019. Ex. B at ¶12. Respondent Jokimas sent the last set of records on April 17, 2019. Ex. B at ¶17. A complete set of even these type of insufficient records—covering the time span requested in the subpoenas and for all three Respondent Corporations—has to date not been provided to WHD. *Id.*

After roughly five months of trickling document production from Respondents, still seeking the documents necessary to conduct its investigation, the WHD served three duly issued administrative subpoenas *duces tecum* upon Respondent Jokimas. Ex. B at ¶15. The subpoenas sough production of documents, including but not limited to: (1) documents identifying officers and directors of Respondent Corporations, (2) time cards and other records of hours worked; (3)Internal Revenue Service W-2 forms and 1099 Forms distributed by Respondent

Corporations; (4) documents reflecting the rate of pay for each worker; (5) documents related to tips received by workers and tip credits taken by Respondent Corporations; and (6) documents related to any contracts or agreements between Respondent Corporations and workers it considers to be independent contractors. The subpoenas cover an approximately three-year time span, from March 2016 through the date of production. Ex. A1, A2, A3.

The subpoenas demanded Respondents produce documents by April 12, 2019. Though the subpoenas were served on March 22, 2019, WHI Reggiardo did not hear or receive anything from Respondents until April 11, 2019. Ex. B at ¶16. At that point, Respondent Jokimas claimed to be still struggling to comply with the subpoenas. WHI Reggiardo gave Respondent Jokimas an extension to comply with the subpoenas, to April 16, 2019. *Id.*

Ultimately, by April 17, 2019, Respondent Jokimas had provided a one-page organizational chart for each of the three Respondent Corporations and the Corporation File Detail Report print out from the Illinois Secretary of State for each of the three Respondent Corporations. Ex. B at ¶17a-b.

Additionally, for Respondent JJ Gold Coast, Inc., Respondent Jokimas provided W-2 tax forms and 1099 forms for the year 2017 only. He provided the incomplete payroll records referenced above for 2018 only. Ex. B at ¶17c.

For Respondent Sarpinos Loop, Inc., Respondent Jokimas also provided the incomplete payroll records referenced above for 2018 only. Ex. B at ¶17d.

For Respondent MJK South Loop, Inc., Respondent Jokimas only provided, in addition to the organizational chart and Secretary of State print-out, W-2 forms for 2017. Ex. B at ¶17e.

## ARGUMENT

I. **The Secretary of Labor Is Authorized by Statute to Issue Subpoenas in Order to Investigate Compliance with the FLSA and May Enforce Such Subpoenas in Federal Court.**

In support of the Secretary's enforcement duties, the FLSA grants the Secretary subpoena power, providing:

> For the purpose of any hearing or investigation provided for in this chapter, the provisions of section 49 and 50 of title 15 (relating to the attendance of witnesses and the production of books, papers and documents), are made applicable to the jurisdiction, powers, and duties of the Administrator, the Secretary of Labor, and the industry committees.

29 U.S.C. § 209.[1] Subpoenas issued under the FLSA are enforceable in federal court. *See* 15 U.S.C. § 49 (providing if the subject of an agency subpoena disobeys that subpoena, the agency "may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence"); *see also Donovan v. Mehlenbacher*, 652 F.2d 228, 230 (2d Cir. 1981) ("[T]he Department of Labor clearly has the power to issue subpoenas in the course of an investigation conducted under statutory authority, and to have those subpoenas enforced by federal courts." (*citing Okla. Press Publ'g Co. v. Walling*, 327 U.S. 186, 200-01 (1946))).

"In general, an administrative agency's subpoena meets the requirements for enforcement if (1) the inquiry is within the authority of the agency, (2) the demand is not too

---

[1] The Federal Trade Commission Act, 15 U.S.C. § 49, provides in pertinent part:

> [T]he Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation. . . . [I]n case of disobedience to a subpoena the Commission may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence.

5

indefinite, and (3) the information sought is reasonably relevant to the investigation." *Chao v. Local 743, Int'l Bhd. of Teamsters, AFL-CIO*, 467 F.3d 1014, 1017 (7th Cir. 2006) (*citing United States v. Morton Salt Co.,* 338 U.S. 632, 653 (1950); *E.E.O.C. v. Quad/ Graphics, Inc.,* 63 F.3d 642, 645 (7th Cir. 1995)). "An administrative agency's subpoena power is intended to permit the agency to 'investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.'" *Id.* (*quoting Morton Salt Co.,* 338 U.S. at 642-43) "[A] district court's decision to enforce an agency subpoena generally is reviewed deferentially . . . ." *E.E.O.C.*, 63 F.3d at 645 (*quoting Dow Chemical Co. v. Allen*, 672 F.2d 1262, 1267 (7th Cir. 1982)). "Affidavits of government officials have been accepted as sufficient to make out a prima facie showing that these requirements are satisfied." *United States v. Comley*, 890 F.2d 539, 541 (1st Cir. 1989). As explained below, the Secretary's Subpoenas *Duces Tecum* satisfies all of the requirements for enforcement.

        A.       **The Inquiry Is Within the Authority of the Agency.**

The subpoenas were issued in furtherance of the Secretary's investigation into Respondents' compliance with the FLSA. The FLSA grants the Secretary broad investigatory powers to determine compliance with its provisions. Section 11(a) gives the Secretary or his designee, the WHD, authority to investigate and gather data regarding "wages, hours, and other conditions and practices of employment in any industry subject to this Act." 29 U.S.C. § 211(a).

It also empowers the Secretary to enter and inspect such places and records as he may deem appropriate to determine whether any person has violated the Act. *Id.* Section 11(c) of the FLSA further requires employers to make, keep and preserve certain records as prescribed by the Secretary. 29 U.S.C. § 211(c). Pursuant to this mandate, the Department of Labor has issued regulations under the FLSA requiring employers subject to the FLSA to keep records of

6

employees' names and contact information, hours worked each workday and total hours worked each workweek, total daily or weekly straight-time and overtime earnings, total wages paid each period, the date of payment and the pay period covered by the payment, among other items. *See* 29 C.F.R. § 516.2 (2016).

Here, the Secretary plainly acts pursuant to the investigative authority described above. The purpose of these subpoenas and the investigation into Respondents' businesses is to determine whether Respondents and any other person or entity acting as an employer are in compliance with the minimum wage, overtime and recordkeeping provisions of the FLSA. A showing of probable cause, or even reasonable cause, of violations is not necessary for documents to be within an agency's subpoena power. *See Morton Salt Co.*, 338 U.S. at 642-43. In sum, the WHD is statutorily empowered to determine whether Respondents are and have been in compliance with the FLSA.

**B.    The Information Sought Is Reasonably Relevant To The Investigation.**

The subpoenas at issue properly request records directly relevant to the WHD's investigation into the employment practices of Respondents. Relevance in enforcement proceedings must be construed broadly. *Doe v. United States*, 253 F.3d 256, 266 (6th Cir. 2001). Records are reasonably relevant if the information is relevant to any inquiry the Secretary is authorized to undertake. *See Dole v. Trinity Industries, Inc.*, 904 F.2d 867, 874 (3d Cir. 1990). "The district court defers to 'the agency's appraisal of relevancy, which must be accepted so long as it is not obviously wrong.'" *N.L.R.B. v. Champagne Drywall, Inc.*, 502 F. Supp. 2d 179, 182 (D. Mass. 2007) (quoting *N.L.R.B. v. Am. Med. Response, Inc.*, 438 F.3d at 193 (citing *In re McVane*, 44 F.3d 1127, 1136 (2d Cir. 1995))). *See also Resolution Trust Corp. v. Walde*, 18 F.3d 943, 946 (D.C. Cir. 1994) (finding a court should defer to an agency's relevance determination

7

so long as it is not obviously wrong). Here, the subpoenas seek documents relevant to the Secretary's investigation of Respondents' compliance with the FLSA, and to determine liability for any non-compliance. WHD requests payroll records, time cards, and tax forms in order to determine compliance with the minimum wage, overtime, and recordkeeping provisions of the FLSA. Ex. A1, A2, A3.

### C. The Demand Is Not Indefinite.

The documents requested by the WHD are specific business records that firms regularly keep and maintain and are required to keep and maintain, and are limited to the period dating back not more than three years from the start of the WHD investigation. *See* 29 U.S.C. § 211; 29 C.F.R. § 516.2 (requiring an employer "maintain and preserve payroll or other records containing" employees' full names, addresses, work schedules, hourly rates of pay, and hours worked); *id.* § 516.5 (requiring the preservation of certain records for three years); *id.* § 516.6 (requiring the preservation of certain records for two years); *id.* § 516.7 (requiring records "be available for inspection and transcription by the [Wage and Hour] Administrator or a duly authorized and designated representative"). Thus, the documents requested are not too indefinite to be produced by Respondents.

### CONCLUSION

The subpoenas *duces tecum* issued to Respondents seek specific documents reasonably related to the WHD's investigation of the employment and pay practices of Respondents and were properly issued and served by the WHD. The Secretary respectfully requests the Court grant the Secretary's Petition for an Order compelling Respondents to fully comply with the subpoenas within 10 days of the date of the Order. The Secretary further requests the Court direct the U.S. Marshals Service to effect service upon the Respondents. The Secretary further requests an Order tolling the statute of limitations from April 12, 2019, the date Respondents

first failed to comply with the Secretary's subpoenas *duces tecum*, until such date as the Secretary informs the Court that Respondents have complied in full. Finally, the Secretary requests this Court issue an order directing Respondents to pay all costs and expenses incurred by the Secretary in this matter.

    Respectfully submitted,

    **KATE O'SCANNLAIN**
    Solicitor of Labor

    **CHRISTINE Z. HERI**
    Regional Solicitor

    /s/Esther E. Mulder
    **Esther E. Mulder**
    Trial Attorney

    Attorneys for Eugene Scalia
    Secretary of Labor, United States
    Department of Labor, Petitioner

**P.O. Address:**
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Suite 844
Chicago, IL 60604
Telephone: (312) 353-7837
Fax: (312) 353-5698
E-mail: mulder.esther.e@dol.gov