# Exhibit A

RETURN OF SERVICE

*I hereby certify that a duplicate*
*original of the within subpoena was*

m person.
leaving at principal
office or place of
business, to wit;

duly served _____
(Indicate by check _____
method used.)

_____
_____

on the person named herein

3/22/19
(Month, day, year)

Julius Jokimes
(Name of person making service)

_____
(Official Title)

*I certify that the person name herein was*
*in attendance as a witness at* Sarpinos W. Loop
627 W. Lake St
Chicago, IL 60661
on Renato Reggiardo, WH1
(Name of)
person
certifying)

Renato Reggiardo

# Exhibit A1

# UNITED STATES OF AMERICA
DEPARTMENT OF LABOR
WAGE AND HOUR DIVISION
SUBPOENA DUCES TECUM

To: **JJ Gold Coast, Inc.**
158 W. Division St.
Chicago, IL 60610

Pursuant to the Fair Labor Standards Act, 29 U.S.C §§ 209 and 211, you are hereby required to provide to THOMAS GAUZA, District Director, WAGE AND HOUR DIVISION, CHICAGO DISTRICT OFFICE, UNITED STATES DEPARTMENT OF LABOR, or his designee/representative, all books, papers, and other documents, as specifically described in the Attachment, by presenting such documents to the Chicago District Office located at 230 South Dearborn, Room 412, Chicago, IL 60604, on *april 12th*, 2019, at 10 a.m.

FAIL NOT AT YOUR PERIL



IN TESTIMONY WHEREOF I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR at Chicago, Illinois this___day of_____, 2019.

MICHAEL LAZZERI  Digitally signed by MICHAEL LAZZERI
Date: 2019.03.14 09:49:11 -05'00'

MICHAEL LAZZERI, REGIONAL ADMINISTRATOR
WAGE AND HOUR DIVISION
UNITED STATES DEPARTMENT OF LABOR

# ATTACHMENT #1

**Subpoena to JJ Gold Coast, Inc., formerly known as MJK Sarpinos, Inc., and also known as MJK Pizza, Inc.158 W. Division St., Chicago, IL 60610**

<u>**Definitions and Instructions**</u>:

1. **"JJ Gold Coast"** means **JJ Gold Coast, Inc., formerly known as MJK Sarpinos, Inc., and also known as MJK Pizza, Inc.,**, including its current and former officers, directors, employees, attorneys, representatives, agents, assigns, subsidiaries, and any predecessor or successor entities.

2. "Document" or "documents" shall mean all writings and recordings within the meaning of Rule 1001(a) and (b) of the Federal Rules of Evidence (i.e., "letters, words, or numbers, or their equivalent set down in any form" and "letters, words or numbers, or their equivalent recorded in any manner"), however produced or reproduced, of every kind or description in **JJ Gold Coast'** possession, custody, or control, or within the custody or control of any agent, employee representative or other persons acting or purporting to act for or on behalf of **JJ Gold Coast**, including notes; memoranda; records, reports, correspondence; telefaxes and faxes; agreements or contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; tabulations; text messages; instant message or messages from other electronic messaging software or applications; and all draft copies of such documents containing additional marks or notations not found on the originals.

3. "Person" is defined by 29 U.S.C. § 203(a) as: "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

4. "Relating to" or "reflecting," means stating, constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

5. "Worker" or "workers" includes individuals contracted, employed, hired, utilized, or retained by and/or who worked for **JJ Gold Coast**.

6. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the documents required by this subpoena inclusive rather than exclusive.

7. "Including" shall be construed to mean "without limitation."

8. Unless otherwise specified, the time period covered by this subpoena is from March 1, 2016 to the date of production. Documents created prior to March 1, 2016, which have been used or relied on since March 1, 2016, or which describe legal duties which remain in effect after March 1, 2016 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

9. If any document required to be produced pursuant to this subpoena is withheld because of a claim of privilege, identify with respect each such document the:

   a. Specific privilege being asserted;
   b. Nature of the document;
   c. Author of the document and the date of preparation;
   d. Recipients of the document or copies thereof; and
   e. Subject matter of the document.

10. If any document required to be produced pursuant to this subpoena has been destroyed, identify with respect to each such document the:
   a. Date destroyed;
   b. Method of destruction;
   c. Reason for destruction;
   d. Person or person(s) who authorized the destruction; and
   e. Subject matter of the document destroyed.

## B. Documents to be produced:

1. Documents identifying all branches and establishments, controlled by, or operating with **JJ Gold Coast**

2. **JJ Gold Coast**'s company organizational chart.

3. Documents reflecting the full name, last known addresses, and telephone numbers of each worker performing work for **JJ Gold Coast**.

4. Documents reflecting the dates of birth of each worker who was under the age of 18 during the time period described in Section A, Paragraph 8 of this Attachment.

5. All documents stating the job descriptions, duties, and occupations of **JJ Gold Coast**'s workers.

2

6. Documents relating to workers treated as exempt from the minimum wage or overtime wage requirements under the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.*

7. All contracts and agreements between **JJ Gold Coast** and workers who **JJ Gold Coast** considers to be independent contractors or subcontractors.

8. All W-2 Forms and/or 1099 Forms distributed by **JJ Gold Coast** to workers.

9. All documents reflecting the rate of pay per worker, per pay period and any changes made to the rate of pay and applicable date(s) of the rate of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis for each worker.

10. All documents reflecting the total gross wages paid per pay period for each worker, including payroll records, payroll ledgers, payroll journals, pay stubs, and check stubs.

11. All documents reflecting schedules of work for workers.

12. Documents reflecting each worker's starting and ending time and day for each workweek. If the worker was part of a workforce or employed in or by an establishment whose workers have a workweek beginning at the same time on the same day, a single document noting the time of day and beginning day of the workweek for the whole workforce or establishment will suffice.

13. All documents reflecting the hours worked each workday and total hours worked by workers each workweek, including timesheets, time cards, logs, journals, and diaries.

14. All documents relating to tip credits taken by the **JJ Gold Coast** for each worker.

15. All documents reflecting the amount of tips received by workers.

16. All documents relating to any tip-pooling arrangement, including notice given to workers.

17. All documents relating to any tips contributed to any tip pool by each worker and distribution of said tips.

18. All of **JJ Gold Coast**'s employment policies and procedures related to compensation paid to workers and hours worked (or pieces completed) by workers, including supervisory procedures, recordkeeping procedures, compensation policies, disciplinary policies, and employee handbooks.

# Exhibit A2

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
## WAGE AND HOUR DIVISION
## SUBPOENA DUCES TECUM

To:   **Sarpinos Loop, Inc.**
627 W. Lake St.
Chicago, IL 60661

Pursuant to the Fair Labor Standards Act, 29 U.S.C §§ 209 and 211, you are hereby required to provide to THOMAS GAUZA, District Director, WAGE AND HOUR DIVISION, CHICAGO DISTRICT OFFICE, UNITED STATES DEPARTMENT OF LABOR, or his designee/representative, all books, papers, and other documents, as specifically described in the Attachment, by presenting such documents to the Chicago District Office located at 230 South Dearborn, Room 412, Chicago, IL 60604, on *April 12th*, 2019, at *10* a.m.

FAIL NOT AT YOUR PERIL



IN TESTIMONY WHEREOF I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR at Chicago, Illinois this___day of_____, 2019.

## MICHAEL LAZZERI
Digitally signed by MICHAEL LAZZERI
Date: 2019.03.14 09:48:16 -05'00'

### MICHAEL LAZZERI, REGIONAL ADMINISTRATOR
### WAGE AND HOUR DIVISION
### UNITED STATES DEPARTMENT OF LABOR

## ATTACHMENT #1

Subpoena to **Sarpinos Loop, Inc., 627 W. Lake St., Chicago, IL 60661**

<u>**Definitions and Instructions:**</u>

1. **"Sarpinos Loop"** means **Sarpinos Loop, Inc.,** including its current and former officers, directors, employees, attorneys, representatives, agents, assigns, subsidiaries, and any predecessor or successor entities.

2. "Document" or "documents" shall mean all writings and recordings within the meaning of Rule 1001(a) and (b) of the Federal Rules of Evidence (i.e., "letters, words, or numbers, or their equivalent set down in any form" and "letters, words or numbers, or their equivalent recorded in any manner"), however produced or reproduced, of every kind or description in **Sarpinos Loop's** possession, custody, or control, or within the custody or control of any agent, employee representative or other persons acting or purporting to act for or on behalf of **Sarpinos Loop,** including notes; memoranda; records, reports, correspondence; telefaxes and faxes; agreements or contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; tabulations; text messages; instant message or messages from other electronic messaging software or applications; and all draft copies of such documents containing additional marks or notations not found on the originals.

3. "Person" is defined by 29 U.S.C. § 203(a) as: "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

4. "Relating to" or "reflecting," means stating, constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

5. "Worker" or "workers" includes individuals contracted, employed, hired, utilized, or retained by and/or who worked for **Sarpinos Loop.**

6. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the documents required by this subpoena inclusive rather than exclusive.

7. "Including" shall be construed to mean "without limitation."

8. Unless otherwise specified, the time period covered by this subpoena is from March 1, 2016 to the date of production. Documents created prior to March 1, 2016, which have been used or relied on since March 1, 2016 , or which describe legal duties which remain in effect after March 1, 2016 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

9. If any document required to be produced pursuant to this subpoena is withheld because of a claim of privilege, identify with respect each such document the:

   a. Specific privilege being asserted;
   b. Nature of the document;
   c. Author of the document and the date of preparation;
   d. Recipients of the document or copies thereof; and
   e. Subject matter of the document.

10. If any document required to be produced pursuant to this subpoena has been destroyed, identify with respect to each such document the:
   a. Date destroyed;
   b. Method of destruction;
   c. Reason for destruction;
   d. Person or person(s) who authorized the destruction; and
   e. Subject matter of the document destroyed.


## B.  Documents to be produced:

1. Documents identifying all branches and establishments, controlled by, or operating with **Sarpinos Loop**.

2. **Sarpinos Loop**'s company organizational chart.

3. Documents reflecting the full name, last known addresses, and telephone numbers of each worker performing work for **Sarpinos Loop**.

4. Documents reflecting the dates of birth of each worker who was under the age of 18 during the time period described in Section A, Paragraph 8 of this Attachment.

5. All documents stating the job descriptions, duties, and occupations of **Sarpinos Loop**'s workers.

6. Documents relating to workers treated as exempt from the minimum wage or overtime wage requirements under the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.*

7. All contracts and agreements between **Sarpinos Loop** and workers who **Sarpinos Loop** considers to be independent contractors or subcontractors.

8. All W-2 Forms and/or 1099 Forms distributed by **Sarpinos Loop** to workers.

9. All documents reflecting the rate of pay per worker, per pay period and any changes made to the rate of pay and applicable date(s) of the rate of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis for each worker.

10. All documents reflecting the total gross wages paid per pay period for each worker, including payroll records, payroll ledgers, payroll journals, pay stubs, and check stubs.

11. All documents reflecting schedules of work for workers.

12. Documents reflecting each worker's starting and ending time and day for each workweek. If the worker was part of a workforce or employed in or by an establishment whose workers have a workweek beginning at the same time on the same day, a single document noting the time of day and beginning day of the workweek for the whole workforce or establishment will suffice.

13. All documents reflecting the hours worked each workday and total hours worked by workers each workweek, including timesheets, time cards, logs, journals, and diaries.

14. All documents relating to tip credits taken by the **Sarpinos Loop** for each worker.

15. All documents reflecting the amount of tips received by workers.

16. All documents relating to any tip-pooling arrangement, including notice given to workers.

17. All documents relating to any tips contributed to any tip pool by each worker and distribution of said tips.

18. All of **Sarpinos Loop**'s employment policies and procedures related to compensation paid to workers and hours worked (or pieces completed) by workers, including supervisory procedures, recordkeeping procedures, compensation policies, disciplinary policies, and employee handbooks.

3

# Exhibit A3

# UNITED STATES OF AMERICA
DEPARTMENT OF LABOR
WAGE AND HOUR DIVISION
SUBPOENA DUCES TECUM

To:   MJK South Loop, Inc.
      1923 South Archer
      Chicago, IL 60616

Pursuant to the Fair Labor Standards Act, 29 U.S.C §§ 209 and 211, you are hereby required to provide to THOMAS GAUZA, District Director, WAGE AND HOUR DIVISION, CHICAGO DISTRICT OFFICE, UNITED STATES DEPARTMENT OF LABOR, or his designee/representative, all books, papers, and other documents, as specifically described in the Attachment #1, by presenting such documents to the Chicago District Office located at 230 South Dearborn, Room 412, Chicago, IL 60604, on *April 12th*_____, 2019, at *10*a.m.

FAIL NOT AT YOUR PERIL



IN TESTIMONY WHEREOF I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR at Chicago, Illinois this___day of_____, 2019.

MICHAEL LAZZERI   Digitally signed by MICHAEL LAZZERI
                  Date: 2019.03.14 10:03:39 -05'00'
MICHAEL LAZZERI, REGIONAL ADMINISTRATOR
WAGE AND HOUR DIVISION
UNITED STATES DEPARTMENT OF LABOR

## ATTACHMENT #1

Subpoena to **MJK South Loop, Inc., 1923 S. Archer, Chicago, IL 60616**

<u>**Definitions and Instructions:**</u>

1.  **"MJK South Loop"** means **MJK South Loop, Inc.,** including its current and former officers, directors, employees, attorneys, representatives, agents, assigns, subsidiaries, and any predecessor or successor entities.

2.  "Document" or "documents" shall mean all writings and recordings within the meaning of Rule 1001(a) and (b) of the Federal Rules of Evidence (i.e., "letters, words, or numbers, or their equivalent set down in any form" and "letters, words or numbers, or their equivalent recorded in any manner"), however produced or reproduced, of every kind or description in **MJK South Loop's** possession, custody, or control, or within the custody or control of any agent, employee representative or other persons acting or purporting to act for or on behalf of **MJK South Loop,** including notes; memoranda; records, reports, correspondence; telefaxes and faxes; agreements or contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; tabulations; text messages; instant message or messages from other electronic messaging software or applications; and all draft copies of such documents containing additional marks or notations not found on the originals.

3.  "Person" is defined by 29 U.S.C. § 203(a) as: "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

4.  "Relating to" or "reflecting," means stating, constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

5.  "Worker" or "workers" includes individuals contracted, employed, hired, utilized, or retained by and/or who worked for **MJK South Loop.**

6.  The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the documents required by this subpoena inclusive rather than exclusive.

7.  "Including" shall be construed to mean "without limitation."

1

8. Unless otherwise specified, the time period covered by this subpoena is from March 1, 2016 to the date of production. Documents created prior to March 1, 2016, which have been used or relied on since March 1, 2016, or which describe legal duties which remain in effect after March 1, 2016 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

9. If any document required to be produced pursuant to this subpoena is withheld because of a claim of privilege, identify with respect each such document the:

   a. Specific privilege being asserted;
   b. Nature of the document;
   c. Author of the document and the date of preparation;
   d. Recipients of the document or copies thereof; and
   e. Subject matter of the document.

10. If any document required to be produced pursuant to this subpoena has been destroyed, identify with respect to each such document the:
    a. Date destroyed;
    b. Method of destruction;
    c. Reason for destruction;
    d. Person or person(s) who authorized the destruction; and
    e. Subject matter of the document destroyed.


## B.  Documents to be produced:

1. Documents identifying all branches and establishments, controlled by, or operating with **MJK South Loop**.

2. **MJK South Loop**'s company organizational chart.

3. Documents reflecting the full name, last known addresses, and telephone numbers of each worker performing work for **MJK South Loop**.

4. Documents reflecting the dates of birth of each worker who was under the age of 18 during the time period described in Section A, Paragraph 8 of this Attachment.

5. All documents stating the job descriptions, duties, and occupations of **MJK South Loop**'s workers.

2

# Exhibit B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor,<br><br>      Petitioner,<br><br>  **v.**<br><br>**JJ GOLD COAST, INC., SARPINOS LOOP, INC.,** and **MJK SOUTH LOOP, INC.,** Illinois Corporations, and **JULIUS JOKIMAS,** an Individual,<br><br>      Respondents. | Case No.<br><br>Judge:<br><br>Magistrate Judge: |

**DECLARATION OF RENATO REGGIARDO IN SUPPORT OF SECRETARY'S PETION FOR ENFORCEMENT OF ADMINISTRATIC SUBPOENA *DUCES TECUM***

   I, Renato Reggiardo, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.  I am an investigator for the Chicago District Office of the United States Department of Labor, Wage and Hour Division ("WHD"). As part of my duties, I conduct investigations to ascertain compliance with the Fair Labor Standards Act ("FLSA"). I have been an investigator with the Chicago District Office since September 2009.

2.  On August 8, 2019, WHD initiated an investigation of the employment and pay practices of Respondent Jokimas' pizzeria businesses. Respondent Jokimas' establishments were the subject of a WHD investigation in 2015, which uncovered violations related to overtime and delivery driver mis-classification. Those violations were subsequently cured, and the current investigation was in part to follow up and ensure those issues remained resolved.

3.        On September 12, 2018, I was assigned to conduct this investigation. My initial task was to determine compliance with federal wage and hour laws by Sarpino's Pizzeria, located at 158 West Division Street, Chicago, Illinois 60610, a.k.a Respondent JJ Gold Coast, Inc.

4.        On September 17, 2018, I conducted an on-site visit of Respondent JJ Gold Coast, Inc., at the above referenced location. There, I met with Julius Jokimas, who identified himself as the owner of JJ Gold Coast, Inc., as well as Sarpinos Loop, Inc., and MJK South Loop, Inc. Respondent Jokimas stated there was no official corporate headquarters for his three pizzerias, but requested correspondent be sent to the JJ Gold Coast location. He also provided his email address for correspondence.

5.        I provided Respondent Jokimas with an FLSA appointment letter, outlining the Wage and Hour Division's investigation and identifying documents necessary to ascertain compliance with the FLSA. A copy of the appointment letter is attached hereto as Exhibit B1. Respondent Jokimas indicated he intended to cooperate with the investigation.

6.        On October 12, 2018, I called respondent Jokimas and reminded him I was still waiting for the requested records. I emailed him another copy of the appointment letter that same day. He agreed to provide at least a list of employees with their phone numbers, for the last two years, by the end of the day, and the rest of the requested documents shortly thereafter.

7.        On October 15, 2018, Respondent Jokimas provided a list of employees and their contact information; however, the list appeared incomplete as it did not include any of the delivery drivers.

8.    On November 30, 2018, I again emailed Respondent Jokimas because he had not provided the rest of the requested documents. I offered to pick up the documents in person if he was unable to email them.

9.    On December 4, 2018, after not hearing anything from Respondent Jokimas, I called to again ask about the records. This time, Respondent Jokimas referred me to his accountant, and instructed me to work with her to obtain the requested records.

10.   On December 18, 2018, I spoke with the accountant, who indicated Respondent Jokimas had not yet authorized her to release the records. Moreover, she indicated she did not have the weekly records requested. I sent Respondent Jokimas and the accountant a compliance review letter that same day, by email, a copy of which is attached as Exhibit B2. The compliance review letter outlined the nature of the investigation, the documents requested, and the steps I had taken so far in an attempt to obtain the documents. My supervisor, Richard Pratt, Assistant District Director for the Chicago District Office of the United States Department of Labor, Wage and Hour Division, signed the letter.

11.   On December 24, 2018, I received corporate tax returns for Respondent JJ Gold Coast, for 2015 and 2016. I also received W-2 tax forms for JJ Gold Coast employees, for 2017.

12.   On January 11, 2019, after a phone conversation with her, I again provided the compliance review letter to the accountant, in an effort to obtain the requested documents. This letter requested documents related to all three of Respondent Jokimas' establishments, including Respondent Sarpinos Loop, Inc., and MJK South Loop, Inc. By this point, unable to confirm Respondent JJ Gold Coast's compliance with the FLSA, I had expanded my investigation to cover all three Respondent corporations owned by Respondent Jokimas.

13.     On January 17, 2019, the accountant emailed me "attendance summaries" that listed total weekly hours worked, total regular and total overtime pay, gross pay, method of payment, and a column titled "Tips Del." No hourly rate of pay was listed, and it was unclear from these records how tips were accounted for. The records themselves were undated, but appeared to reflect dates ranging from October 1 through December 23, 2018. The records were for Respondent JJ Gold Coast, only.

14.     By March of 2019, I still did not have the documents necessary to conduct an investigation. I prepared subpoenas *duces tecum* that were signed by Michael Lazzeri, Regional Administrator for Wage and Hour Division. There was one subpoena *duces tecum* for each of the three corporate Respondents. Each subpoena included an "Attachment #1," which included specific document requests.  Ex. A1, A2, A3.

15.     On March 22, 209, I met with Respondent Jokimas and served him with subpoenas *duces tecum* for the three Respondent corporations, while he was at the Sarpino's located at 627 West Lake St, Chicago, Illinois, 60661 (establishment of Respondent Sarpinos Loop, Inc.). Respondent Jokimas indicated he understood the nature of the subpoenas and intended to comply with the request for production.

16.     I did not hear anything from Respondents until April 11, 2019. On April 11 and 12, 2019, Respondent Jokimas sent me additional "attendance summaries" as referenced in ¶13 above. In an email, I explained these records still did not respond fully to the subpoenas, and gave him an extension until April 16, 2019, to comply.

17.     Ultimately, by April 17, 2019, I received the following documents from Respondent Jokimas:

a. Organization charts for each of the three Respondent corporations, responsive to document request No. 2, Ex. A1, A2, A3.

b. Corporation File Detail Report print outs from the Illinois Secretary of State, for each of the three Respondent corporations, interpreted to be responsive to document request No. 1, Ex. A1, A2, A3.

c. For Respondent JJ Gold Coast, Inc.,

    i. W-2 tax forms and 1099 forms for the year of 2017, partially responsive to document request No. 8, Ex. A1.

    ii. "Attendance summaries," at best interpreted as incomplete payroll records and documents reflecting hours worked per week, partially responsive to document requests No. 10 and 13, Ex. A1, for the year 2018.

d. For Respondent Sarpinos Loop, Inc.,

    i. "Attendance summaries," at best interpreted as incomplete payroll records and documents reflecting hours worked per week, partially responsive to document requests No. 10 and 13, Ex. A2, for the year 2018.

e. For Respondent MJK S. Loop, Inc.,

    i. W-2 forms for 2017.

18. I last met with Respondent Jokimas in person on September 24, 2019. I explained that he still had not complied with the subpoenas. He indicated he understood and would get me the missing documents in a few weeks. I followed up by phone thereafter, and last left a phone message for Respondent Jokimas on October 10, 2019. I have not spoken to or heard from Respondent since September 24, 2019.

19.      To date, I have not received any additional documents responsive to the subpoenas *duces tecum* from Respondents. As such, Respondents have yet to fully comply with the Secretary's administrative subpoenas *duces tecum*.

Executed on the 22 day of January, 2020

Renato Reggiardo

# Exhibit B1

FLSA Appointment Letter Template 9/20/12



**U.S. Department of Labor**       United States Department of Labor
Wage & Hour Division
230 S. Dearborn St., Rm. 412
Chicago, IL  60604
(312) 789-2983

Firm: **Sarpino's Pizzeria**

September 17, 2018

Sarpino's Pizzeria
158 W. Division
Chicago, IL 60610

Re: Wage & Hour Compliance Review

Dear Sir/Madam

The Wage and Hour Division (WHD) of the U.S. Department of Labor is responsible for administering and enforcing a number of federal labor laws, including the Fair Labor Standards Act (FLSA).  This letter is to inform you of the agency's plans to visit your establishment on **September 17, 2018** to determine your compliance with the FLSA. The enclosed pamphlet briefly describes the FLSA.

Authority for this investigation is contained in Section 11(a) of the FLSA.  Section 11(a) states, "The Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter or which may aid in the enforcement of the provisions of this chapter."

I will visit your establishment to determine such compliance.  The normal procedure is to hold an opening conference with a representative of the company, check certain records for a two-year period, interview a representative number of employees, and hold a closing conference to discuss the results of the investigation.

In order to conduct the investigation with as little disruption to your business operations as possible, please have available for our inspection on the above date, all documents providing the following information for the last two years, ending with your last completed payroll:

    (1) Names, addresses, and telephone numbers of all business owners and company officers (e.g., President, Treasurer, Secretary, Board of Directors and other Corporate Officers) along with a company organizational chart if you have one;

(2) Legal name of the company and all other names used by the company (e.g., "Doing Business As" names);

(3) Records demonstrating your gross annual dollar volume of sales. Please provide these records for the past three (instead of two) years;

(4) A list of all employees with their address, hourly rate or salary, descriptive job title, shift, and whether you consider that employee exempt from overtime for all current and former employees;

(5) Payroll and time records for the past two years, including a copy of the most recently completed payroll;

(6) Birth dates for all employees under age 18 who worked during the past 24 months

(7) 1099 Forms and contract documents with any independent contractors, subcontractors or day laborers at this establishment

(8) Federal Employer Identification Number (FEIN)

We request that you have all of the listed documents available on the designated meeting date pursuant to the authority contained in Section 11(a) and (c) of the FLSA and in Part 516 of the Code of Federal Regulations.

Per section 15(a)(3) of the FLSA, you are prohibited from retaliating against any person who files a complaint with the Wage and Hour Division or who cooperates with a Wage and Hour Division investigation.   You are also prohibited from retaliating against your employees for accepting payment of the wages owed to them or from requiring your employee to return or decline payment of the wages owed to them.

Every effort will be made to conduct this investigation expeditiously and with a minimum of inconvenience to you and your employees.  However, please note that the above is not intended to be an exhaustive or final list of records to be examined.

If you are unable to be present on the date and time indicated, you may designate a representative to act on your behalf.  Additionally, should you or your representative be unable to attend the scheduled meeting, please notify me as soon as possible but no later than the preceding business day.

If you have any questions, feel free to call me at 312-771-6891.


Sincerely,



Renato Reggiardo
Wage & Hour Investigator
Reggiardo.Renato@dol.gov
Mobile: 312-771-6891

# Exhibit B2

U.S. Department of Labor         Wage and Hour Division
                                 230 S. Dearborn St. Room 412
                                 Chicago, IL 60604



12/18/18

Julius Jokimas
158 W. Division
Chicago, IL 60610

      Via email and certified letter # 7018 0680 0001 4104 5562

SUBJECT:    Fair Labor Standards Act Compliance Review
              Examination of Records
              Case ID # 1861044
              MJK Sarpino's, Inc. d/b/a Sarpino's Pizzeria

Mr. Jokimas,

On September 17th, 2018 Wage & Hour Investigator Renato Reggiardo visited your establishment to inform you that a compliance review of the FLSA had been initiated. On that day, WHI Reggiardo handed you a letter requesting the documents needed to conduct the compliance review. WHI Reggiardo indicated at the time that only a sample would be needed in order to determine compliance in order to not take too much of your time away from your business.

On October 15th, you sent a list of employees and their phone numbers but none of the payroll records.

On November 30th, WHI Reggiardo emailed you requesting the records again.

On December 4th, 2018 WHI Reggiardo called you to ask about the records and you referred WHI Reggiardo to your accountant, Marina Shapiro, to get the records from her.

On December 18, 2018 WHI Reggiardo spoke with Mrs. Shapiro who indicated she has not spoken to you about the records requested. Furthermore, she indicated she does not have the weekly records requested.

**To date, none of the requested documents and information have not been provided.**

Section 11(a) [(29) U.S.C. 211(a)] of the Fair Labor Standards Act provides as follows:

    "The Secretary of Labor or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this Act, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this Act or which may aid in the enforcement of the provisions of this Act."

The Act also provides for the issuance of subpoenas to support such investigations.

Enclosed is a copy of Regulations Part 516, Subpart A which in Section 516.7(a) refers to the accessibility of the records and in (b) to the entitlement of the Administrator's representative to inspection and transcription.  This letter constitutes the final written notice to provide such records prior to proceeding with further action in this case.

1

I am requesting you make available to WHI Reggiardo, all records listed below covering all employees and possible independent contractors:

> All documents which reflect the legal name and address of the business; legal status of business; beginning date of operations; names, titles and addresses of corporate officials and/or owners; employer federal tax identification number; names and addresses of other branches of business; names & addresses of other businesses also owned or operated by the owners of this business.

> All documents which reflect the amount of your annual dollar volume of sales for the last three years (2017, 2016, and 2015) such as your company's federal income tax returns (including Schedule F) or state of Florida sales tax receipts or other similar documents.

> All documents which reflect daily and weekly hours worked by all current and former employees or alleged independent contractors during each workweek from **December 2016 through December 2018,** including but not limited to timecards, sign in sheets, schedules, or any other records of hours worked that are maintained by your business.

> All documents which reflect gross pay, straight time pay, overtime pay, legal deductions, and net pay to all current or former employees and all alleged independent contractors during each workweek from **December 2016 through December 2018,** including but not limited to payroll registers and payroll worksheets."

> All documents which reflect the names, job titles, addresses, and phone numbers of all present and former employees that worked for your business anytime from **December 2016 through December 2018,**

> All W2's and 1099 for the period **December 2016 through December 2018**

> All documents indicating miles driven by delivery drivers and time records from Foodtec app.

Regulations Part 516.7 stipulates that the records be made available *within 72 hours* following notice from the Administrator or his duly authorized and designated representative. Please advise me within three (3) days of receipt of this letter when and where the records will be delivered or produce them no later than December 26th at 230 S. Dearborn Room 412, Chicago IL 60604. **This letter constitutes the final written notice to provide such records prior to proceeding with further action in this case.**

If you have any questions, please feel free to give me a call at 312-789-2981.

Sincerely,

Richard Pratt
Assistant District Director

Enclosures
  29 CFR Part 516
  Fair Labor Standards Act

2